UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRE DO MACK, | No. 2:14-cv-2852 DB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.[1] Plaintiff alleges a number of errors including the ALJ's disregard of medical opinion and plaintiff's testimony. For the reasons explained below, plaintiff's motion is granted in part and denied in part, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

In August of 2011, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 3 & 10.)

1

("SSI") under Title XVI of the Act alleging disability beginning on February 28, 2010. (Transcript ("Tr.") at 11, 179-89.) Plaintiff's applications were denied initially, (id. at 103-07), and upon reconsideration. (Id. at 114-18.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on March 14, 2013. (Id. at 29-58.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 29-30.) In a decision issued on May 2, 2013, the ALJ found that plaintiff was not disabled. (Id. at 24.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.
>
> 2. The claimant has not engaged in substantial gainful activity since February 28, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).[2]
>
> 3. The claimant has the following severe impairments: cervical degenerative disc disease, history of vertigo, anxiety disorder, and posttraumatic stress disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). The claimant cannot climb ladders, ropes, or scaffolds. She cannot work around workplace hazards including heights or dangerous machinery. She can understand, remember, and carry out simple and detailed job instructions. She can maintain concentration, persistence, or pace for simple and detailed job tasks. She can interact appropriately with supervisors and coworkers. She must avoid work with the public.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on July 1, 1953 and was 56 years old, which is defined as an individual of advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

---

[2] At the March 14, 2013 hearing, plaintiff amended her alleged onset date to February 28, 2011. (Tr at. 32.)

2

> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from February 28, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 13-24.)

On October 8, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's May 2, 2013 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on December 7, 2014. (Dkt. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

3

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion plaintiff asserts the following four principal claims:  (1) the ALJ's treatment of the medical opinions constituted error; (2) the ALJ failed to determine if plaintiff medically equaled Listing 12.06; (3) the ALJ failed to consider plaintiff's severe and non-severe impairments at step five; and (4) the ALJ improperly rejected plaintiff's own subjective testimony.[3]  (Pl.'s MSJ (Dkt. No. 19-1) at 13-24.[4])

**I.  Medical Opinions**

The weight given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health

---

[3] Plaintiff's motion asserts five separate claims of error. However, two of those claims concern the ALJ's treatment of medical opinions. Accordingly, the court will address those arguments as a single claim.

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

**A.  Dr. Bradley Briercheck**

Here, on August 1, 2012, plaintiff's treating psychiatrist, Dr. Bradley Briercheck, completed a "PSYCHIATRIC DOCUMENTATION FORM." (Tr. at 447-54.) Dr. Briercheck found, in relevant part, that plaintiff was moderately limited in her "Restriction of Activities of Daily Living" and in "Difficulties in Maintain Social Functioning." (Id. at 454.) The ALJ's decision discussed Dr. Briercheck's opinion, stating,

> Dr. Briercheck indicated the claimant suffered generalized persistent anxiety with associated motor tension, autonomic hyperactivity and apprehensive expectation. She also had recurrent, severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror, and sense of impending doom occurring on the average of at least once a week. He also noted she had symptoms of personality disorder manifested by pathological dependence.

5

(Id. at 21.)  The ALJ, however, afforded Dr. Briercheck's opinion only "some weight," stating that his "statement is not an opinion of functionality as much as it is a report of [plaintiff's] existing condition," and that Dr. Briercheck's "notation of personality disorder . . . is not supported by his or any other treatment records . . . ."  (Id.)

That Dr. Briercheck's opinion made a notation of a personality disorder, which the ALJ found to be unsupported by treatment records, is not a specific and legitimate reason for rejecting Dr. Briercheck's opinion.

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988); see also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence.").

Moreover, the court finds the ALJ's vague and conclusory characterization of Dr. Briercheck's opinion as "not an opinion of functionality as much as it is a report of [plaintiff's] existing condition" to be decidedly neither specific nor legitimate.  In this regard, it is entirely unclear why the ALJ characterized Dr. Briercheck's opinion as a report of plaintiff's "existing condition," or why such a report from a treating physician should be discredited.  See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do not suffice).

**B.  Dr. Sara Galbraith**

Plaintiff also challenges the ALJ's treatment of the opinion offered by Dr. Sara Galbraith.  (Pl.'s MSJ (Dkt. No. 19-1) at 17-18.)  On April 20, 2012, Dr. Galbraith examined plaintiff and provided her opinion in a "Consultative Evaluation (CE)."  (Tr. at 414-20.)  The ALJ's decision discussed Dr. Galbraith's opinion, stating:

> Dr. Galbraith continually noted that as to the results of the psychometric tests she administered to the claimant, the claimant had some language and cultural barriers to performance and she

6

> was unsure of the validity of the test results. Despite this concern, Dr. Galbraith opined moderate to marked limitations in many areas associated with the claimant's mental ability to do work related activities. Such limitations are not supported by relevant evidence in the record. Her treatment records show little in the way of treatment other than medication management of her reported symptoms and participation in counseling and anxiety and panic classes. She tends to self-discontinue her medications and experience resulting psychiatric symptoms which are treated with recommendations to resume her medications. Mental status examinations are relatively within normal limits noting only her reports of anxious mood. Thus, Dr. Galbaraith's (sic) opinion is not sufficiently supported by other substantial evidence in the case and the undersigned assigns it little weight.

(Id. at 21.)

However, as noted above, the ALJ's simple statement that the limitations found by Dr. Galbraith were "not supported by relevant evidence in the record" is not sufficient. See Embrey, 849 F.2d at 421-22. Moreover,

> [c]ourts have recognized that a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as is a medical impairment and that consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine. In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devices in order to obtain objective clinical manifestations of mental illness . . . . [W]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnoses and observations of professionals trained in the field of psychopathology.

Averbach v. Astrue, 731 F.Supp.2d 977, 986 (C.D. Cal. 2010) (quoting Sanchez v. Apfel, 85 F.Supp.2d 986, 992 (C.D. Cal. 2000)).

With respect to the ALJ's assertion that plaintiff's "treatment records show little in the way of treatment," (Tr. at 21), the Ninth Circuit has

> . . . particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'

Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1299-300 (9th Cir. 1999) (quoting Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996)). Moreover, it is entirely unclear that plaintiff could have done anything more to treat her symptoms than take medication,

participate in counseling, and anxiety and panic classes, and the ALJ failed to identify such additional treatments. In a similar vein, the ALJ discredits Dr. Galbraith's opinion with the bare assertion that "[m]ental status examinations are relatively within normal limits," without any citation or explanation.

### C. Dr. George Scarmon

Finally, plaintiff challenges the ALJ's treatment of the opinion of Dr. George Scarmon, plaintiff's treating physician. (Pl.'s MSJ (Dkt. No. 19-1) at 21-23.) On February 20, 2013, Dr. Scarmon completed a "Medical Assessment of Ability to do Work-Related Activities (PHYSICAL)" form. (Tr. at 473.) The ALJ discussed and considered Dr. Scarmon's opinion before assigning it "little weight." (Id. at 17-18.)

In this regard, the ALJ found Dr. Scarmon's opinion "not supported by the medical evidence of the record." (Id. at 18.) Specifically, the ALJ noted that "medical signs and laboratory findings show mild degenerative disc disease of the cervical spine," that plaintiff had not been evaluated or treated for "radicular pain down the bilateral upper extremities which would support Dr. Scarmon's opinion," and that the "record shows no treatment for low back pain or conditions of the lower extremities such that she should be so limited." (Id.)

Although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry, 688 F.3d at 671 (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)); see also Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir.2003) (a treating physician's opinion is properly rejected where the treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (finding that the ALJ properly rejected the opinion of a treating physician since it was not supported by treatment notes or objective medical findings).

Plaintiff argues that in discrediting Dr. Scarmon's opinion, the ALJ ignored plaintiff's complaints of pain. (Pl.'s MSJ (Dkt. No. 19-1) at 22.) That plaintiff complained of pain, however, does not conflict with the ALJ's finding that Dr. Scamon's opinion was inconsistent

1  with the medical evidence of record.

2  Accordingly, for the reasons stated above, the court finds that plaintiff is entitled to
3  summary judgment on her claim that the ALJ's treatment of the medical opinions offered by Dr.
4  Dr. Briercheck and Dr. Galbraith constituted error. Plaintiff is not entitled to summary judgment
5  on her claim that the ALJ's treatment of the medical opinion offered by Dr. Scarmon constituted
6  error.

7  **II.     Listing 12.06**

8  Plaintiff argues that the opinions offered by Dr. Briercheck and Dr. Galbraith establish
9  that plaintiff "has severe impairments which interfere significantly with the basic mental demands
10 of continuous substantial gainful employment in a competitive work setting" and, therefore, the
11 "ALJ erred in failing to consider whether the combination of impairments resulted in a medical
12 equivalency to Listing 12.06." (Pl.'s MSJ (Dkt. No. 19-1) at 21.)

13 At step three of the sequential evaluation, the ALJ must determine whether a claimant's
14 impairment or impairments meet or equal one of the specific impairments set forth in the Listings.
15 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The physical and mental conditions
16 contained in the Listings are considered so severe that "they are irrebuttably presumed disabling,
17 without any specific finding as to the claimant's ability to perform his past relevant work or any
18 other jobs." Lester v. Chater, 81 F.3d 821, 828 (9th Cir. 1995). The Listings were "designed to
19 operate as a presumption of disability that makes further inquiry unnecessary." Sullivan v.
20 Zebley, 493 U.S. 521, 532 (1990); see also Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001). If
21 a claimant shows that his impairments meet or equal a Listing, she will be found presumptively
22 disabled. 20 C.F.R. §§ 404.1525-404.1526, 416.925-416.926.

23 Plaintiff notes that her "argument of medical equivalency depend[ed] on the opinions of
24 Dr. Briercheck and Dr. Galbraith." (Pl.'s Reply (Dkt. No. 26) at 6-7.) In this regard, plaintiff
25 argues that the "ALJ erred in rejecting those opinions and thus erred in failing to determine that
26 [plaintiff] medically equaled Listing 12.06." (Id. at 7.)

27 Although the court agrees that the ALJ's treatment of the opinions of Dr. Briercheck and
28 Dr. Galbraith constituted error, it is not clear to the court that the ALJ was required to afford

9

those opinions controlling weight. Accordingly, without a proper evaluation by the ALJ of Dr. Briercheck and Dr. Galbraith's opinions, the court cannot yet determine if the ALJ's finding with respect to Listing 12.06 constituted error.

Accordingly, plaintiff's motion for summary judgment is denied as to this claim.

### III. Step Five

Plaintiff argues that in determining whether plaintiff had the residual functional capacity ("RFC"), to perform any other work the ALJ failed to consider plaintiff's pain and urinary incontinence. (Pl.'s MSJ (Dkt. No. 19-1) at 23-25.)

A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1); see also Cooper v. Sullivan, 880 F.2d 1152, n.5 (9th Cir. 1989) ("A claimant's residual functional capacity is what he can still do despite his physical, mental, nonexertional, and other limitations."). In conducting an RFC assessment, the ALJ must consider the combined effects of an applicant's medically determinable impairments on the applicant's ability to perform sustainable work. 42 U.S.C. § 423(d)(2)(B); Macri v. Chater, 93 F.3d 540, 545 (9th Cir. 1996). The ALJ must consider all of the relevant medical opinions as well as the combined effects of all of the plaintiff's impairments, even those that are not "severe." 20 C.F.R. §§ 404.1545(a); 416.945(a); Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003). "[A]n RFC that fails to take into account a claimant's limitations is defective." Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). The ALJ must determine a claimant's limitations on the basis of "all relevant evidence in the record." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

Here, the ALJ did consider plaintiff's pain in making the RFC determination. In this regard, the ALJ specifically noted plaintiff's "neck injury," "neck pain [that] travels down her left arm," the feeling of a pinched nerve in her neck, "right sided neck pain radiating to her arm down to her elbow," etc. (Tr. at 16-18.) The ALJ, however, ultimately found plaintiff's reports of pain "not credible" as to their severity. (Id. at 17.)

With respect to her incontinence, however, although the ALJ discussed plaintiff's incontinence at step two, (id. at 14), the ALJ did not discuss plaintiff's incontinence at step five.

See Hutton v. Astrue, 491 Fed. App. 850, 850 (9th Cir. 2012) ("Regardless of its severity, however, the ALJ was still required to consider Hutton's PTSD when he determined Hutton's RFC.").

Accordingly, plaintiff is entitled to summary judgment on her claim that the ALJ erred at step five of the sequential evaluation.

**IV.     Plaintiff's Testimony**

Plaintiff argues that the ALJ's treatment of plaintiff's testimony constituted error. (Pl.'s MSJ (Dkt. No. 19-1) at 26-27.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine, 574 F.3d at 693 (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness,

inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff was not credible, in part, because plaintiff "continues to work . . . providing household care to an elderly patient about 45 hours per month" and engages in many of the same activities, i.e., cleaning and cooking, "in the home in which she lives with her sister." (Tr. at 17.) "[I]f a claimant is able to spend a substantial part of h[er] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

Accordingly, the court finds that plaintiff is not entitled to summary judgment on this claim.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d

403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

    Here, the court cannot find that further administrative proceedings would serve no useful purpose. This matter will, therefore, be remanded for further proceedings.

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's motion for summary judgment (Dkt. No. 19) is granted in part and denied in part;

    2. Defendant's amended cross-motion for summary judgment (Dkt. No. 23) is granted in part and denied in part;

    3. The Commissioner's decision is reversed; and

    4. This matter is remanded for further proceedings consistent with this order.

Dated:  March 9, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DLB1\orders.soc sec\domack2852.ord